IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
JERRY WILLOUGHBY,              )
                               )
    Plaintiff,                 )
                               )
    v.                         )   CIVIL ACTION NO.
                               )      1:04cv849-T
WAL-MART, ASSOCIATES, INC.,    )         (WO)
a foreign corporation,         )
et al.                         )
                               )
    Defendants.                )
```

ORDER

Plaintiff Jerry Willoughby filed this lawsuit in the Circuit Court of Houston County, Alabama, against Wal-Mart Associates, Inc. and Southeast Alabama Medical Center under the Employee Retirement Income and Security Act (ERISA), 29 U.S.C.A. § 1132(a)(1)(B). Willoughby, who is covered by Walmart's health insurance plan, contends that Walmart improperly refused to pay the medical expenses he incurred while undergoing treatment at Southeast. Walmart removed the case from state to federal court pursuant to 28

U.S.C.A. § 1441. Southeast then filed a counterclaim against Willoughby, alleging that Willoughby failed to pay his medical bill as required by the financial agreement he signed before receiving treatment. This case is currently before the court on Southeast's motion for summary judgment on its counterclaim against Willoughby.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (internal citations and quotations omitted). A federal court is obliged to satisfy itself of its jurisdiction, even if the parties are prepared to concede it. Id.; see also Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 488 (1999).

At the pretrial conference, the parties acknowledged that Willoughby is not seeking any relief against Southeast in his lawsuit, which consists solely

of an ERISA claim.  Indeed, Willoughby could not seek any relief against Southeast under ERISA because it is not a plan or fiduciary, as defined by ERISA, and had nothing to do with Walmart's decision not to pay benefits to Willoughby.  Southeast therefore is not a proper party to this case under ERISA and the jurisdiction that attends ERISA claims; nor is Southeast a proper party to this case pursuant to supplemental jurisdiction, see 28 U.S.C.A. § 1367, because Willoughby does not seek relief against Southeast under state law either.

Accordingly, based on the arguments presented by the parties at the pretrial conference on October 5, 2005, it is ORDERED that:

(1) Defendant Southeast Alabama Medical Center's counterclaim against plaintiff Jerry Willoughby is remanded to state court.

(2) Defendant Southeast Alabama Medical Center's motion for summary judgment (Doc. No. 37) is denied as moot.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 6th day of October, 2005.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**