IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
JERRY WILLOUGHBY,              )
                               )
     Plaintiff,                )
                               )
     v.                        )     CIVIL ACTION NO.
                               )       1:04cv849-T
WAL-MART, ASSOCIATES, INC.,    )          (WO)
a foreign corporation,         )
et al.                         )
                               )
     Defendants.               )
```

ORDER

Based on the oral representations made at the pretrial hearing held on October 5, 2005, and by agreement of the parties, it is ORDERED as follows:

(1) Defendant Wal-Mart, Associates, Inc.'s motion for summary judgment (Doc. No. 30) is denied, with leave to renew.

(2) The issue of whether defendant Walmart improperly refused to pay the medical expenses

incurred by plaintiff Jerry Willoughby for penile implant surgery is remanded to the Administrative Committee of Walmart's Health and Welfare Plan, so that it may reconsider plaintiff Willoughby's appeal. According to the Administrative Committee's own procedures and based on any new evidence the parties may submit, the Administrative Committee may reach a different, or the same, decision, as it deems appropriate.

(3) Within 60 days of the entry of this order, the parties are to report back to this court on the Administrative Committee's decision and file with the court a copy of the administrative record, including the reasons the Administrative Committee gives in support of its decision and whatever evidence the Administrative Committee considered in reaching its decision.

After reviewing the administrative record of plaintiff Willoughby's February 2004 appeal to the

2

Administrative Committee and considering the parties' representations at the pretrial hearing, the court offers these comments:

(1) As the administrative record now stands, the court is unable to discern the basis for the Administrative Committee's conclusion that Willoughby's penile implant was treatment related to sexual dysfunction.

(2) The record contains no evidence explaining what Peyronie's disease is, what its symptoms are, and what the standard treatments for it are.

(3) The record contains no evidence on the severity of plaintiff Willoughby's case of Peyronie's disease.

(4) The record contains no evidence on the purpose of penile implants and the role they generally play in treating diseases.

(5) The record contains no clear evidence indicating why plaintiff Willoughby's treating

3

physician elected to conduct penile implant surgery in plaintiff Willoughby's particular case.

(6) The record contains no evidence as to whether the penile implant surgery in plaintiff Willoughby's case was primarily to treat a sexual dysfunction or for another purpose.

(7) The record contains no explanation for defendant Walmart's decision to cover some of the costs related to plaintiff Willoughby's treatment for Peyronie's disease, but not the penile implant.

(8) In conclusion, although the court recognizes that it will review the Administrative Committee's decision only to determine if the decision was arbitrary and capricious, the court cannot make that determination unless the evidence upon which the Administrative Committee based its decision is contained in the administrative record.

The trial of this case is cancelled.

The clerk of the court is DIRECTED to close this case administratively pending the remand to the Administrative Committee of Walmart's Health and Welfare Plan.

DONE, this the 6th day of October, 2005.

                                     /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE